■ SHELDON A. SAPIRO, Plaintiff, v YOUNG J. PYON et al., Defendants, and CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. A.I. SMITH, ELECTRICAL CONTRACTORS, INC., Third-Party Defendant-Appellant. (Action No. 1.) ROBERT WILLIAMS, Plaintiff, v YOUNG J. PYON et al., Defendants, and CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. A.I. SMITH ELECTRICAL CONTRACTORS, INC., Third-Party Defendant-Appellant. (Action No. 2.) [641 NYS2d 686] —In two related actions to recover damages for personal injuries, A.I. Smith Electrical Contractors, Inc., the third-party defendant in both actions, appeals from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated March 7, 1995, as denied the branch of its motion which was for summary judgment dismissing the third-party complaints.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branch of the motion by the third-party defendant A.I. Smith Electrical Contractors, Inc., which was for summary judgment dismissing the third-party complaints is granted.

The plaintiffs were involved in a motor vehicle accident on the Belt Parkway in Brooklyn. They commenced these personal injury actions alleging, *inter alia,* that overhead parkway lights were not operating at the time of the accident, thus creating a condition causing the accident. The defendant City of New York commenced third-party actions against the appellant for contractual indemnification, alleging that the appellant was "negligent in the maintenance, inspection, [and] repair" of the street lighting, which it was obliged to undertake pursuant to a contract with the City.

The appellant made a prima facie showing that repair of the lights was outside the scope of its work under the contract, and that it fulfilled its contractual obligations with the City. In opposition, the City failed to demonstrate the existence of a triable issue of fact by submission of evidentiary proof in admissible form. Accordingly, the appellant is entitled to summary judgment dismissing the third-party complaints (*see,* CPLR 3212; *Zuckerman v City of New York,* 49 NY2d 557). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.